**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

       Plaintiff,

vs.                                    No. CR 08-0824 JB

SERGIO OLIVAS-GONZALES,

       Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Defendant's Sentencing Memorandum, filed September 19, 2008 (Doc. 32)("Sentencing Memo.").  The Court held a sentencing hearing on October 9, 2008.  The primary issue is whether the advisory guideline sentence for Defendant Sergio Olivas-Gonzales is a sentence that is sufficient but not greater than necessary to achieve the purposes of sentencing identified by the Sentencing Reform Act.  For the reasons stated at the hearing, and for further reasons consistent with those already stated, the Court concludes that a sentence of 46 months, which varies from the sentencing guidelines, is a fair and just sentence that achieves the statutory purposes of sentencing.

## BACKGROUND

Sergio Olivas-Gonzalez is a twenty-year-old citizen of the Republic of Mexico who has no prior criminal history.  He is not married, but he has one infant daughter who was born after his arrest.  He hopes that, upon release from prison, he will be able to develop a relationship with his daughter.  See Sentencing Memo. at 2.

Olivas-Gonzalez' was retained as a "mule" to transport methamphetamine past border

control checkpoints.  On April 2, 2008, Olivas-Gonzales was stopped for speeding and subsequently arrested when a search of his vehicle revealed a hidden compartment with four packages containing methamphetamine and hashish.  See Presentence Investigation Report ¶¶ 7-10, at 3-4, disclosed September 4, 2008 ("PSR").

Olivas-Gonzalez was charged under a one-count indictment for violating 21 U.S.C. §§ 841(a)(1) & 841(b)(1)(A), Possession with Intent to Distribute 500 Grams and More of Methamphetamine.  See PSR ¶ 1, at 1.  Pursuant to a plea agreement, he pled guilty to the indictment before the Honorable Judge Don J. Svet, United States Magistrate Judge.  See id. ¶ 3, at 2.  He has demonstrated a recognition and affirmative acceptance of responsibility for his criminal conduct.  It is also stipulated that he was a minimal participant in the criminal activity underlying the plea agreement.  See id.  Pursuant to the plea agreement, Olivas-Gonzalez may be eligible for the safety valve.  See id.  Olivas-Gonzales submitted a sentencing memorandum in an effort to assist the Court in selecting a sentence.  Although the Sentencing Memorandum does not explicitly say so, it is clear from the arguments therein and the proceedings at the sentencing hearing that Olivas-Gonzalez requests a downward variance from the sentencing-guideline sentencing range.  Olivas-Gonzales did not ask, however – in his sentencing memorandum or at the hearing – for a specific amount of variance.

## VARIANCES FROM ADVISORY GUIDELINE-SENTENCE RANGES

In United States v. Booker, 543 U.S. 220 (2005), the Supreme Court of the United States held that the sentences calculated pursuant to the United States Sentencing Guidelines are no longer mandatory.  In its decision in United States v. Booker, the Supreme Court held the sentence produced by the sentencing guidelines to be advisory and further held that the sentencing guidelines are to be one of various important factors that the sentencing court must consider when imposing

a sentence.   The Supreme Court held that sentences in federal criminal cases must be imposed pursuant to 18 U.S.C. § 3553(a)(1).  "Section 3553(a) remains in effect, and sets forth numerous factors that guide sentencing.  Those factors in turn will guide appellate courts, as they have in the past, in determining whether a sentence is unreasonable."  United States v. Booker, 543 U.S. at 261.

Although the Guidelines are no longer mandatory, both the Supreme Court and the United States Court of Appeals for the Tenth Circuit have clarified that, while the Guidelines are one of several factors enumerated in 18 U.S.C. § 3553(a), they are entitled to the Court's careful consideration.  See Rita v. United States, 127 S. Ct. 2456, 2464 (2007)("The Guidelines as written reflect the fact that the Sentencing Commission examined tens of thousands of sentences and worked with the help of many others in the law enforcement community over a long period of time in an effort to fulfill [its] statutory mandate.");  United States v. Cage, 451 F.3d 585, 593 (10th Cir. 2006)(describing the Guidelines as more than "just one factor among many"), overruled on other grounds by Gall v. United States, 128 S.Ct. 586 (2007).  They are significant because "the Guidelines are an expression of popular political will about sentencing that is entitled to due consideration . . . [and] represent at this point eighteen years' worth of careful consideration of the proper sentence for federal offenses."  United States v. Cage, 451 F.3d at 593 (internal quotations omitted).  A reasonable sentence is one that also "avoid[s] unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."  18 U.S.C. § 3553(a).  See United States v. Booker, 543 U.S. at 261-62.

Section 3553(a)(1) mandates consideration of the nature and circumstances of the offense, and the defendant's history and characteristics.  See 18 U.S.C. § 3553(a)(1).  That section also directs the court to consider the need for the sentence imposed to reflect punishment, deterrence, and protection of the public, and the need to provide the defendant with educational or vocational

training, medical care or other correctional treatment in the most effective manner. <u>See</u> 18 U.S.C. § 3553(a)(2). Further, the court is to consider the kinds of sentence available, <u>see</u> 18 U.S.C. § 3553(a)(3), and the kinds of sentence and the sentencing range established under the federal sentencing guidelines, <u>see</u> 18 U.S.C. § 3553(a)(4).

The sentencing court also must consider any pertinent policy statement issued under the sentencing guidelines. <u>See</u> 18 U.S.C. § 3553(a)(5). The court also must be cognizant of the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. <u>See</u> 18 U.S.C. § 3553(a)(6). Finally, the court must consider the need to provide restitution to any victims of offense. <u>See</u> 18 U.S.C. § 3553(a)(7).

Consideration of the factors in 18 U.S.C. § 3553(a) is mandatory in that it states that the court "shall consider" the factors therein. Under this scheme, the guideline sentence is advisory. The guideline range is one factor, however, that the court must consider in imposing sentence.

In arriving at a reasonable sentence for any defendant, the court must take guidance from the principle that the court must impose a sentence that is "sufficient but not greater than necessary" to achieve the four purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): (I) punishment; (ii) deterrence; (iii) protection of the community; and (iv) rehabilitation.

## <u>ANALYSIS</u>

Defendant Sergio Olivas-Gonzales' offense level is 25 and his criminal history is category I. The guideline sentence range for Olivas-Gonzales is 51 to 71 months. The Court has considered the guideline sentencing range established for the applicable category of offense committed by the applicable category of defendant. The Court also takes into consideration other sentencing goals. Specifically, the Court has also considered the factors set forth in 18 U.S.C. § 3553(a)(1)-(7).

Olivas-Gonzales is young and does not have any criminal history before this point. The severity of the sentence under the sentencing guidelines is a result of the amount of drugs involved. The large amount of drugs kicks his sentence into a guidelines range that is disproportionate to what couriers typically receive. A sentence within the guideline range under these circumstances would therefore be too severe. The Court believes that Olivas-Gonzales' minimal role, while reflected in the minor-role adjustment and in the safety valve, is not sufficiently reflected in a sentence at the low end of the applicable sentencing guidelines range.

At the same time, given the quantity of methamphetamine that Olivas-Gonzales was transporting, the Court believes that the sentence must be sufficiently long to reflect all of the § 3553(a) factors. Given those considerations, the Court believes that a sentence of 46 months is appropriate. A sentence of 50 months or more seems excessive.

The Court believes that a sentence of 46 months reflects the seriousness of the offense that Olivas-Gonzales has committed – especially in light of the large amount of methamphetamine that he was transporting. A 46-month sentence will promote respect for the law because it will instill in Olivas-Gonzalez the serious nature of the offense – an offense to which Congress has seen fit to attach severe penalties. The sentence also provides just punishment, and affords adequate deterrence. It will protect the public during the period of time that he is incarcerated and otherwise fully reflects the factors in § 3553(a).

The sentence is sufficient but not greater than is necessary to comply with the purposes of punishment set forth in the Sentencing Reform Act. The sentence more accurately reflects what those factors are intended to do. While the sentence varies from the guidelines, it more effectively promotes the goals outlined in 18 U.S.C. § 3553(a) and is a more reasonable sentence.

**IT IS ORDERED** that the request for a variance in the Defendant's Sentencing

Memorandum is granted.  The Defendant is sentenced to a term of 46 months incarceration.


_____
UNITED STATES DISTRICT JUDGE


Counsel:

Gregory J. Fouratt
   United States Attorney
Larry Gomez
   Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Mario A. Esparza
Las Cruces, New Mexico

      *Attorneys for the Defendant*