IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                                                                   No. CR 08-0824 JB

SERGIO OLIVAS-GONZALES,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on the Defendant's Motion for a Reduction of Sentence, filed April 19, 2010 (Doc. 39)("Motion"). The primary issue is whether the Court should reduce Defendant Sergio Olivas-Gonzales' sentence pursuant to his request in the Motion. Because the Court lacks the authority to reduce Olivas-Gonzales' sentence in the manner Olivas-Gonzales has requested, the Court will deny the Motion.

**PROCEDURAL BACKGROUND**

Olivas-Gonzales pled guilty to an indictment charging him with possessing methamphetamine with intent to distribute. See Plea Agreement, filed July 18, 2008 (Doc. 29). The Court granted Olivas-Gonzales' requests for a downward departure and for a variance. See Memorandum Opinion and Order at 1, filed November 12, 2008 (Doc. 36). The Court imposed a 46-month sentence and on November 12, 2008, entered judgment against Olivas-Gonzales. See Judgment in a Criminal Case at 1-2, filed November 12, 2008 (Doc. 37). Olivas-Gonzales now invokes rule 35 of the Federal Rules of Criminal Procedure and asks the Court to reduce his sentence. See Motion at 1. As grounds for the Motion, he contends that his sentence is excessive, family hardships warrant a reduction, and his post-conviction conduct indicates rehabilitation. See

Motion at 1-4.

## RELEVANT LAW ON CORRECTION AND CLARIFICATION OF SENTENCES

"A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." United States v. Mendoza, 118 F.3d 707, 709 (10th Cir. 1997). Accord United States v. Vigil, No. 05-2051, 2010 WL 2301708, at *3-4 (D.N.M. May 4, 2010)(Browning, J.). As the Tenth Circuit has explained:

> A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so. Section 3582(c) of Title 18 of the United States Code provides three avenues through which the court may "modify a term of imprisonment once it has been imposed." A court may modify a sentence: (1) in certain circumstances "upon motion of the Director of the Bureau of Prisons"; (2) "to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure"; or (3) "upon motion of the defendant or the Director of the Bureau of Prisons," or on the court's own motion in cases where the applicable sentencing range "has subsequently been lowered by the Sentencing Commission."

United States v. Blackwell, 81 F.3d 945, 947-48 (10th Cir. 1996)(footnotes omitted)(citations omitted).[1]

Rule 35 of the Federal Rules of Criminal Procedure authorizes the district court to reduce or correct a sentence in certain situations. See Fed. R. Crim. P. 35. Under rule 35(a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."[2] Under subsection (b), a court may reduce a sentence for substantial assistance in certain situations "[u]pon the government's motion." Fed. R. Crim. P. 35(b). Moreover, rule 36

---

[1] Congress has twice amended 18 U.S.C. § 3582, in 1996 and 2004, since the Tenth Circuit's decision in United States v. Blackwell; however, neither of these amendment substantively affects the Tenth Circuit's analysis.

[2] The period of time in which a court could correct these "clear" errors was extended from seven days to fourteen days by amendments that took effect on December 1, 2009.

allows a court to, at any time, "correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. "Rule 36 covers only minor, uncontroversial errors . . . ." United States v. Werber, 51 F.3d 342, 347 (2d Cir. 1995). "[A] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis[3] might commit, mechanical in nature." United States v. Guevremont, 829 F.2d 423, 426 (3d Cir. 1987)(quoting Dura-Wood Treating Co. v. Century Forest Indus., 694 F.2d 112, 114 (5th Cir. 1982)).

In United States v. Blackwell, the Tenth Circuit reversed the district court's re-sentencing of a co-defendant seventy-two days after the original sentencing. See 81 F.3d at 946. In that case, the defendant, who received an initial sentence of 15-months imprisonment, moved the court for a re-sentencing, because, "three days prior to his sentencing, Defendant's supplier pleaded guilty to distributing fifty-five ounces of cocaine and the United States District Court for the District of Utah sentenced her to probation." 81 F.3d at 946. The district court held a re-sentencing hearing seventy-two days after the original sentencing, and, at that hearing, reduced the defendant's sentence to "three-years probation, with six-months home detention." 81 F.3d at 947. In explaining its authority to modify the defendant's sentence, the district court relied on "two alternative sources of authority . . . : (1) the court's 'inherent jurisdiction' to right injustices, and (2) Fed. R. Crim. P. 35." 81 F.3d at 947.

The Tenth Circuit rejected the district court's reliance on rule 35, rule 36, and its "inherent authority," and concluded that "the court lacked jurisdiction to resentence Defendant." United

---

[3]An amanuensis is "a literary or artistic assistant, in particular one who takes dictation or copies manuscripts." New Oxford American Dictionary 48 (Angus Stevenson & Christine A. Lindberg eds., 3d ed. 2010).

States v. Blackwell, 81 F.3d at 949.  The Tenth Circuit first held that the only option under 18 U.S.C. § 3582 applicable to that case was whether rule 35 granted the court authority to modify the defendant's sentence.  See 81 F.3d at 948.  Rule 35(a) did not apply, "because the court did not correct Defendant's sentence within seven days after the original sentence was imposed, but resentenced Defendant seventy-two days later."  81 F.3d at 948 (discussing then rule 35(c)).  The Tenth Circuit also held that rule 35(b) did not apply: "Because subsection (b) applies only to motions made by the government, a defendant cannot invoke Rule 35(b) and empower the court to reduce his sentence."  81 F.3d at 948.

## ANALYSIS

The Court may not grant relief under rule 35 on Olivas-Gonzales' allegations.  Rule 35 contains two substantive subdivisions.  Under subdivision (a), "[w]ithin 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."  Fed. R. Crim. P. 35(a).  Olivas-Gonzales filed his motion more than a year after entry of judgment, and he does not assert technical errors in the sentence.  Under subdivision (b), on a motion by the United States of America the Court may reduce the sentence of a defendant who, after conviction, has provided substantial assistance to authorities.  See Fed. R. Crim. P. 35(b)(1)-(2).  Plaintiff United States of America has not moved for a reduction, and Olivas-Gonzales does not allege post-conviction assistance to authorities.  Lastly, Olivas-Gonzales is asking for a substantive modification of his sentence and is thus not seeking to correct a clerical error as contemplated by rule 36.  He contends that his sentence is excessive, family hardships warrant a reduction, and his post-conviction conduct indicates rehabilitation.  He is not arguing that there was some kind of error "merely of recitation, of the sort that a clerk . . . might commit, mechanical in nature," that would fall within the scope of rule 36.  United States v. Guevremont, 829 F.2d at 426.  Consequently, the

Court will deny the Motion.

**IT IS ORDERED** that the Defendant's Motion for a Reduction of Sentence, filed April 19, 2010 (Doc. 39), is denied.

                                                                                       _____
                                                                                       UNITED STATES DISTRICT JUDGE

*Parties and counsel:*

Kenneth J. Gonzales
  United States Attorney
Larry Gomez
  Assistant United States Attorney
Albuquerque, New Mexico

      *Attorneys for the Plaintiff*

Sergio Olivas-Gonzales
Cibola County Correctional Center
Milan, New Mexico

      *Defendant pro se*